UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIFFORD J. GRAF, | : | |
| Plaintiff, | : | Civ. No. 14-2613 (RBK) (AMD) |
| v. | : | |
| GARY M. LANIGAN, et al., | : | OPINION |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

The plaintiff, Clifford J. Graf, is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before the Court is defendants', Gary M. Lanigan and Robert Buechele, motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion to dismiss will be granted.

## II.   BACKGROUND

Plaintiff filed his complaint in April, 2014. He names two defendants in the complaint; (1) Gary M. Lanigan – Commissioner of the New Jersey Department of Corrections; and (2) Robert Buechele – Administrator of the South Woods State Prison.

Plaintiff states that the New Jersey Department of Corrections ("NJDOC") has a policy that no cellular phone numbers are to be placed on an inmate's approved telephone list. He states that he has numerous family members and friends that have never owned a home phone landline

telephone number. This means that he cannot communicate with them via the telephone while he is incarcerated.

Plaintiff states in the complaint that the reason that the NJDOC has told him why they have this policy is security. Plaintiff asserts in the complaint that the NJDOC's rationale is flawed and that it does not have a legitimate reason for denying inmates from including cellular phone numbers on their approved telephone list.

Plaintiff claims that the NJDOC's policy of prohibiting listing cellular telephone numbers on an inmate's approved list violates his rights under the First Amendment because it prevents him from communicating with family and friends who do not have landline telephones. Furthermore, plaintiff alleges that the policy affects the First Amendment rights of non-prisoners who have a particular interest in communicating with prisoners. Finally, plaintiff asserts that the policy violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against inmates that have friends and family that do not have a home landline telephone.

Plaintiff seeks declaratory relief and requests that this Court declare that the NJDOC policy of not permitting cellular telephone numbers on an inmate's approved list violates the United States Constitution. He also seeks an injunction to order the defendants to change the policy to permit cellular telephone numbers on an inmate's approved list.

In June, 2015, the defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants assert that plaintiff has failed to state a First and Fourteenth Amendment claim upon which relief can be granted. Plaintiff filed a response to the motion to dismiss in July, 2015, and the defendants subsequently filed a reply in support of their motion. The motion is now ready for adjudication.

### III. LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing,* 764 F.3d at 308 (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV. DISCUSSION

A. First Amendment as to Plaintiff

Plaintiff's first claim is that the NJDOC policy preventing him from including cellular telephone numbers on his approved list violates his First Amendment rights. "The constitutional right at issue has been described as the right to communicate with people outside prison walls, and a 'telephone provides a means of exercising this right.'" *Almahdi v. Ashcroft,* 310 F. App'x

519, 521–22 (3d Cir. 2009) (per curiam) (quoting *Valdez v. Rosenbaum,* 302 F.3d 1039, 1048 (9th Cir. 2002)). Nevertheless, "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Id.* at 522 (citing *Washington v. Reno,* 35 F.3d 1093, 1099–1100 (6th Cir. 1994)). Thus, "a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (quoting *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986)). Furthermore, courts have stated that where a prisoner plaintiff has other alternative means of communicating with persons outside of the prison, denial of telephone access does not violate the Constitution. *See id.* ("Almahdi makes no assertion—and there is no evidence—that he lacked alternative means of communicating with persons outside the prison.... Accordingly the telephone restrictions did not violate the First Amendment.") (internal citation omitted); *see also Johnson v. Bledsoe,* No. 12–0097, 2012 WL 258680, at *2 (M.D. Pa. Jan.27, 2012) ("More recent decisions have concluded that where an inmate has available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal.") (citing *Acosta v. McGrady,* No. 96–2874, 1999 WL 158471, at *7 (E.D. Pa. Mar. 22, 1999); *Pitsley v. Ricks,* No. 96–0372, 2000 WL 262023, at *5 (N.D.N.Y. Mar. 31, 2000); *Ingalls v. Florio,* 968 F. Supp. 193, 203 (D.N.J. 1997)). Thus, "the Court must determine: (a) whether the telephone restrictions asserted by plaintiff violated plaintiff's right by falling outside reasonable limitations associated with rational penological interests; and (b) whether Plaintiff had alternative means to communicate with his family members, e.g. by mail or their visits to prison." *Johnson v. Demico,* No. 10–2265, 2011 WL 2181117, at *4 (D.N.J. June 1, 2011).

4

This case is not the first time that the NJDOC's policy of not permitting cellular telephone numbers on an inmate's approved phone list has been litigated. In *Stokes v. Lanigan*, No. 12-1278, 2012 WL 4662487, at *5-6 (D.N.J. Oct. 2, 2012), the Court was presented with an issue when the plaintiff alleged that he could not add his appellate attorney to his approved telephone list because her phone was a cellular phone and only landline phones were permitted. At screening, Judge Sheridan dismissed this claim without prejudice by noting in part that the plaintiff failed to allege any injury and that the plaintiff failed to allege that he was prevented from communicating with his appellate attorney via alternative means such as through writing and in-person visits. *See id.* at *6.

A more direct and similar issue to this case was presented in *Love v. New Jersey Dep't of Corrs.*, No. 14-5629, 2015 WL 2226015, *3 (D.N.J. May 12, 2015) where a prisoner plaintiff claimed that he had been denied the right to communicate with his family and friends in light of the NJDOC' policy to not permit a prisoner to call cellular telephone numbers. Ultimately, Judge Wigenton dismissed the claim without prejudice after determining that: (1) plaintiff had alternative means of communicating with his family and friends through in person visits or the mail; (2) plaintiff failed to allege facts that he had been provided inadequate means to make telephone calls to landline phones; and (3) plaintiff failed to allege facts to permit an inference that the prison's policy fell outside the range of reasonable limitations associated with rational penological interests. *Id.*

This Court finds *Stokes* and *Love* persuasive in determining that Mr. Graf has failed to state a First Amendment claim in this case. Like *Stokes* and *Love*, Mr. Graf does not allege that the cellular telephone policy prevents him from communicating to his friends and family through

5

other means, such as through the mail or in-person visits.[1] Instead, the NJDOC policy only prevents him from contacting them should they happen to have a cellular telephone number. Thus, as Mr. Graf has alternative means to communicate with his family and friends, even those who do not have a landline telephone number, his First Amendment rights are not violated by the NJDOC's policy. *See Perez v. Fed. Bureau of Prisons*, 229 F. App'x 55, 58 n.3 (3d Cir. 2007) (per curiam) (denying First Amendment claim and noting in part that telephone limitation does not affect his ability to communicate with people outside the prison through letter writing and visitation); *Bumpers v. Formica*, No. 13-5250, 2014 WL 3817134, at *5 (D.N.J. Aug. 1, 2014) (denying First Amendment claim noting that "plaintiff does not allege that he lacked other means such as through the mail or in-person visits to communicate with his family") (citing *Almahdi*, 310 F. App'x at 522; *Johnson*, 2011 WL 2181117, at *4).

   B.  <u>First Amendment as to Plaintiff's Friends and Family</u>

The complaint also argues that the First Amendment rights of friends and family have been violated because they have a particular interest in communicating with prisoners. While defendants do not appear to have discussed this claim under the First Amendment in their original motion, they argue that such a claim lacks merit in their reply letter. The procedural issue of raising an issue for the first time in a reply brief notwithstanding, this Court can also dismiss a claim under 28 U.S.C. § 1915(e)(2)(B) at any time the Court determines that the complaint has failed to state a claim upon which relief may be granted. *See Williamson v. Davis*, No. 14-5770, 2015 WL 2412197, at *1 (D.N.J. May 19, 2015) (noting that *in forma pauperis*

---

[1] Mr. Graf states that many of his friends and family live far-away and cannot afford to have in-person visits with him. While the Court presumes this to be true in analyzing the motion to dismiss, such facts do not warrant denying the motion. Indeed, such friends and family could communicate with Mr. Graf through the mail, and the mere fact that they do not live near where plaintiff is incarcerated is not the NJDOC acting to prevent them from visiting him.

statute permits Court to dismiss claim at any time if the Court determines that the plaintiff has failed to state a claim upon which relief may be granted). Thus, the failure of defendants to raise this issue in their original motion is not dispositive.

This claim must be dismissed as well because plaintiff does not have standing in attempting to recover for the purported constitutional deprivations that may have befallen his friends and family. Indeed, "'litigants in federal court are [generally] barred from asserting the constitutional rights of others[.]'" *In re WR Grace & Co.,* 729 F.3d 332, 340 (3d Cir. 2013) (quoting *In re PWS Holding Corp.,* 228 F.3d 224, 248 (3d Cir. 2000) (internal quotation marks omitted)). Furthermore, as Mr. Graf is proceeding in this action *pro se* and because he is not an attorney, he cannot represent the interests of others. *See Ezekoye v. Ocwen Fed. Bank FSB,* 179 F. App'x 111, 113 (3d Cir. 2006) (observing that "a pro se litigant may not represent the interest of a class in a class action lawsuit"); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "it is plain error to permit [a litigant] who is unassisted by counsel to represent his fellow [plaintiffs] in a class action.").

C. Fourteenth Amendment

Mr. Graf's final claim is that the NJDOC's policy violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against inmates that have friends and family that do not have a home landline telephone.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that:

(1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown,* 455 F.3d 225, 239 (3d Cir. 2006).

Mr. Graf does not state that he is a member of a protected class in the complaint. Indeed, prison inmates are not members of a protected class. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class) (citations omitted). Therefore, his equal protection claim can only proceed if he has sufficiently alleged facts under the "class-of-one" theory as stated in *Olech* and *Hill.*

Mr. Graf's allegations fail under the *Iqbal* pleading standard to state an equal protection claim under the "class of one" theory. The complaint is devoid of any allegations that the defendants treated him differently from others similarly situated. Indeed, plaintiff's complaint is that all inmates are not permitted to have cellular telephone numbers on their approved telephone list. Thus, it appears as if Mr. Graf is treated the same as those similarly situated as opposed to being treated differently. Accordingly, the complaint fails to state an equal protection claim upon which relief may be granted such that this claim will be dismissed without prejudice.

## V.     CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted and the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.


DATED:  January 25, 2016                                        s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge